UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

BRENDA RUTH SIMPSON,                                          No. 21-11179-t7

    Debtor.

# OPINION

    Before the Court is Debtor's motion to redeem her car for $500. The secured lender did not object. The Court held a preliminary hearing on the motion on May 16, 2022, at which neither Debtor nor the secured lender appeared. The Court took the motion under advisement and now concludes that it should be denied without prejudice because of service problems.

A.    <u>Findings of Fact</u>.[1]

    For the limited purpose of ruling on the motion, the Court finds:

    Debtor, pro se, filed this chapter 7 bankruptcy case on October 19, 2021. On the same day she filed a statement of her intention to redeem her 2001 Toyota Echo. According to the Debtor, OneMain Financial has a non-purchase money security interest in the car, securing a debt of about $7,383. Debtor filed a motion to redeem the car on October 28, 2021, asserting that the car had a fair market value of $500 and proposing to redeem it for that amount. The motion included the following certificate of service:

> <u>Certificate of service of motions, requests, any other contested matters</u>: I certify that on the date noted below I served, in accordance with Fed. R. Bankr. P. 9014, the **Motion for Redemption**, together with the **Notice for Filing Objections**, by first class mail postage prepaid on the following:

---

[1] The Court takes judicial notice of its docket in this bankruptcy case. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (a court may sua sponte take judicial notice of its docket and of facts that are part of public records).

OneMain Financial
Attn: Managing Agent
111 Coors Blvd NW Ste El
Albuquerque, NM 87121
. . .
Dated: October 27, 2021.

The notice referred to in the certificate of service is not on the docket.

According to information on its website, OneMain Financial is a Delaware limited liability company headquartered in Evansville, Indiana. Its president is Mr. Douglas Shulman. OneMain Financial has four branch offices in Albuquerque, New Mexico, and about 1400 branches in 44 states.[2]

The New Mexico Secretary of State's online records[3] show that OneMain Financial is registered in New Mexico as a foreign limited liability company.[4] Its registered agent for service of process is CT Corporation, 206 S. Coronado Ave., Espanola, New Mexico 87532-2792.

OneMain Financial did not respond to the motion and did not attend the preliminary hearing on the motion. Debtor did not attend the preliminary hearing either. When the Court's staff attempted to call her, they received a message that Debtor's telephone was out of service.

B.  Redemption of Personal Property.

Under 11 U.S.C. § 722:[5]

> An individual debtor may, whether or not the debtor has waived the right to redeem under this section, redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, if such property is exempted under section 522 of this title or has been abandoned under section 554 of this title, by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien in full at the time of redemption.

---

[2] https://investor.onemainfinancial.com/corporate-governance/Officers_Directors/default.aspx).
[3] https://portal.sos.state.nm.us/BFS/online/CorporationBusinessSearch.
[4] For the purposes of this opinion, the Court will treat corporations and limited liability companies as equivalent.
[5] All statutory references are to 11 U.S.C.

This Code section is implemented by Fed. R. Bankr. P. ("Rule") 6008:

> On motion by the debtor, trustee, or debtor in possession and after hearing on notice as the court may direct, the court may authorize the redemption of property from a lien or from a sale to enforce a lien in accordance with applicable law.

In chapter 7, debtors must indicate their intention to redeem personal property within 30 days after the petition date or the date of the meeting of creditors, whichever is earlier. § 521(a)(2)(A). If the statement of intention to redeem is timely filed, the redemption must occur within 30 days after the meeting of creditors. § 521(a)(2)(B). Otherwise, the automatic stay is terminated with respect to the property, and the property is abandoned from the bankruptcy estate. § 362(h).

Debtor, by promptly filing the motion to redeem, made a good faith effort to comply with her obligations under § 521. She may proceed with redemption even though the automatic stay has been modified. *See, e.g., In re Thompson*, 538 B.R. 410, 412 (Bankr. E.D. Tenn. 2015) (stay termination did not affect debtor's right to redeem under § 722). In fact, with the required 21 days to object to a motion to redeem, *see* local bankruptcy rule ("LBR") 9013-1(d), it can be difficult for a debtor to complete the redemption process before the automatic stay is terminated.

C.     <u>Service of Motions Creating Contested Matters</u>.

Under the Bankruptcy Code and Rules, certain motions or objections create "contested matters. *See* Rule 9014(a); *see generally* Dave Baddley, *Are you Paying "Attention" When Serving Contested Matters Under Bankruptcy Rule 7004(b)(3)?*, 24-Mar. Am. Bankr. Inst. J. 46, 47 (2005) (listing 16 proceedings that are deemed contested matters under the Rules or the Advisory Committee notes). Motions that do not commence contested matters (e.g., employment applications, fee applications, and motions for extension of time) are governed by Rule 9013. The distinction is important because "service" under Rule 9013 requires mailing a notice using the

address on the mailing matrix, while "service" under Rule 9014 is more akin to serving process in state or federal court litigation. *Compare* Rules 9013 and 2002(g) *with* Rules 9014(b) and 7004.

Debtor's motion to redeem commenced a contested matter. *See* Rule 6008's Advisory Committee Note ("The rule applies also to a debtor exercising a right of redemption pursuant to § 722. A proceeding under that section is governed by Rule 9014"). Rule 9014(b) provides that that "[t]he motion shall be served in the manner provided for service of a summons and complaint by Rule 7004 . . . ." Rule 7004(b), in turn, provides:

> Except as provided in subdivision (h), in addition to the methods of service authorized by Rule 4(e)-(j) F.R.Civ.P., service may be made within the United States by first class mail postage prepaid as follows:
> . . .
> (3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by state to receive service and the statute so required, by also mailing a copy to the defendant.

D.  <u>Documents to Be Included in the Service</u>.

When commencing a lawsuit or adversary proceeding, service of "process" requires service of the complaint and a summons. *See, e.g.*, Fed. R. Civ. P. 4(c)(1); Rule 7004(b). With contested matters like Debtor's motion to redeem, the movant must serve the motion and a notice of the deadline to object (a "notice"). *See* Rule 9014(b) and LBR 9013-1(d).[6]

---

[6] LBR 9013-1(d) provides: "Notice to Object. For opposed motions and motions requiring notice to some or all creditors, the movant shall file and serve a notice of the motion that complies with NM LBR 9004-1. Unless otherwise provided by the Bankruptcy Rules or these rules or unless extended or shortened by order of the court, the objection deadline shall be 21 days from the date of service." *See also In re Munoz*, 610 B.R. 907, 913 (Bankr. D.N.M. 2019) (the commencement of a contested matter requires that debtors serve opposing party with copies of the motion and a notice of the deadline to object).

Debtor certified that she served a notice with her motion. No notice was filed, however, so the Court cannot tell if it exists, whether it was served, or what it says.

E.  Method of Service.

The Tenth Circuit Bankruptcy Appellate Panel has addressed service of process in contested matters:

> Service of process must satisfy both the statute under which service is effectuated and constitutional due process. *Ackermann v. Levine,* 788 F.2d 830, 838 (2nd Cir.1986). Pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure, relief in a contested matter shall be requested by motion, and the motion shall be served in the manner provided for service of a summons and complaint by Rule 7004. Rule 7004(b)(3) provides that service upon a domestic corporation is deemed proper "by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process."
>
> By permitting service by first class mail without requiring an acknowledgment of receipt of service, Rule 7004 significantly abbreviates the procedures set forth in the Federal Rules of Civil Procedure. *Braden v. General Motors Acceptance Corp. (In re Braden),* 142 B.R. 317, 319 (Bankr. E.D. Ark. 1992). This simple and expeditious method for serving notice is required due to the particular notice problems associated with bankruptcy proceedings—comparatively short time limits and large numbers of persons to be noticed of various proceedings. *Id.* Because of this abbreviated notice procedure, it is important that correct notice is provided in accordance with the rules.

*In re Karbel*, 220 B.R. 108, 112 (10th Cir. BAP 1998).

Mail service, which is very convenient and economical, is a privilege. *See, e.g., In re Pittman Mechanical Contractors, Inc.*, 180 B.R. 453, 456 (Bankr. E.D. Va. 1995) ("nationwide service of process by first class mail is a rare privilege"); *In re Schoon*, 153 B.R. 48, 49 (Bankr. N.D. Cal. 1993) (same); *In re M&L Business Mach. Co, Inc.*, 190 B.R. 111, 115 (D. Colo. 1995) (quoting and citing *Pittman* and *Schoon*). The privilege must not be "abused or taken lightly." *M&L Business Mach.*, 190 B.R. at 115, quoting *Schoon*, 153 B.R. at 456-57.

Proper service gives the Court jurisdiction over the party being served. *See* Rule 7004(f) (service pursuant to the Rule will give the court personal jurisdiction over the party served); *In re Wilkinson*, 457 B.R. 530, 547 (Bankr. W.D. Tex. 2011) ("compliance with Rule 7004(b)(3) was necessary for the court to acquire personal jurisdiction over the creditor"); *In re Cagle*, 2008 WL 7874772, at *3 (Bankr. N.D. Ga.) (same); *In re Maloni*, 282 B.R. 727, 731 (1st Cir. BAP 2002) (same).

E.  <u>Who Must Be Served?</u>

Rule 7004(b)(3) requires that service be made on an officer, managing agent, general agent, or an agent authorized to receive service of process. There is a split of authority on whether it is sufficient to mail the papers to "Attn: officer, managing or general agent" without identifying a particular person holding the office. *See, e.g., In re Bolden*, 2014 WL 690514, at *2 (Bankr. M.D.N.C.) (citing cases on both sides of the issue); *In re Air South Airlines*, 249 B.R. 112, 117 n.4 (Bankr. D.S.C. 2000) (discussing the split in authority and citing cases); *In re Villar*, 317 B.R. 88, 92-93 (9th Cir. BAP 2004) (collecting cases); *In re Outboard Marine Corp.*, 359 B.R. 893, 899 (Bankr. N.D. Ill. 2007) (same). *In re Lusk*, 2016 WL 918928, at *3 n.26 (Bankr. D. Kan.) ("Some courts required the summons to be directed to the attention of the specifically named officer or agent while others permit service by reference to the office or title held by the unnamed person"). The Tenth Circuit Court of Appeals has not ruled on the issue.

The court in *In re Dreier LLP*, 2011 WL 3047692 (Bankr. S.D.N.Y.) made a persuasive case for allowing service that uses the general officer/agent description:

> Courts disagree over whether the plaintiff must name an actual officer or agent in the address, *see Moglia v. Lowitz & Sons (In re Outboard Marine Corp.),* 359 B.R. 893, 899 (Bankr. N.D. Ill. 2007) (collecting cases), but it should be unnecessary. The Rule does not expressly require the plaintiff to name the officer, *Teitelbaum v. Equitable Handbag Co. (In re Outlet Dep't Stores, Inc.),* 49 B.R. 536, 539 (Bankr. S.D.N.Y. 1985) (Brozman, J.), and the Advisory Committee on Bankruptcy Rules

> rejected a proposal to amend Rule 7003(b)(3) [sic] to impose the requirement, one member noting that it "would create more problems than it would solve." *Minutes of the Advisory Committee on Bankruptcy Rules Meeting of September 27–28, 1999,* 1999 WL 1845725, at *14.

2011 WL 3047692, at *2.[7]

While courts disagree about the how to address service to officers or agents, they agree that Rule 7004(b)(3) requires *some* reference to them. *See, e.g., In re Rushton*, 285 B.R. 76, 81 (Bankr. S.D. Ga. 2002) (proper service must do one or the other "at a bare minimum"); *In re C.V.H. Transport, Inc.*, 254 B.R. 331, 332 (Bankr. M.D. Pa. 2000) (same); *In re Assoc. of Volleyball Professionals*, 256 B.R. 313, 317 (Bankr. N.D. Cal. 2000) (under Rule 7004(b)(3) "service not directed to the attention of anybody in particular is not sufficient"); *In re Starlite Houseboats, Inc.*, 426 B.R. 375, 382 (Bankr. D. Kan. 2010) (citing and quoting *Volleyball Professionals* with approval); *In re Air South Airlines, Inc.*, 249 B.R. 112, 118 (Bankr. D.S.C. 2000) (setting aside a default judgment in part because the service envelopes were not addressed to an officer or office); *compare Karbel*, 220 B.R. at 112-13 (court affirms bankruptcy court ruling that service was proper even though it was not mailed to the attention of an officer or agent).

---

[7] The Advisory Committee meeting minutes referred to by Judge Bernstein include:
"Rule 7004. Bankruptcy Judge David H. Adams had suggested that it would be appropriate to state in one location in the rules that service on a corporation, partnership, or unincorporated association must comply with Rule 7004(b)(3). Judge Kressel said the rule appears to be ambiguous, because people address service to "ABC Corp., Attention: officer, managing or general agent." The Reporter pointed out that Rule 7004 tracks the language of Civil Rule 4, and that if the Committee were to change Rule 7004 -- perhaps to require that a name be used -- the Standing Committee would want the Committee to coordinate the proposed amendment with the Advisory Committee on Civil Rules. Judge Walker said he has seen a name challenged on the basis there was no proof that the person named had the capacity to receive service on behalf of the corporation. He said the rule is sufficient as it is, and Judge Gettleman agreed. Judge Donald said requiring parties to name an officer, director, or managing agent would create more problems than it would solve. **The Committee determined to take no action on the rule.**" *Minutes of the Advisory Committee on Bankruptcy Rules Meeting of September 27–28, 1999,* 1999 WL 1845725, at *14. (Bold in original).

F.   Proper Address for Mailing the Motion and Notice.

The most difficult service issue is where to mail the motion and notice. The goal is to get the papers into the hands of a corporate officer or agent who appreciates their significance and will promptly forward the papers to the proper corporate representative for handling.

> The rationale of all rules for service of process on corporations is that service must be made on a representative so integrated with the corporation served as to make it a priori supposable that he will realize his responsibility and know what he should do with any legal papers served on him.

4 Wright & Miller, Federal Practice and Procedure § 1101, quoting *Goetz v. Interlake S.S. Co.*, 47 F.2d 753, 757 (S.D.N.Y. 1931); *see also Volleyball Professionals*, 256 B.R. at 317 ("[a]n individual who receives service of process on behalf of a corporation must be someone who, by inclination and training or statutory duty, will assure that the papers are passed on to a responsible authority in the corporation who has the responsibility to cause the corporation to respond appropriately.").

Some addresses almost certainly comply with Rule 7004(b). For example, the address of a registered agent for service of process satisfies the Rule. *See, e.g., Pittman Mechanical*, 180 B.R. at 457 (service on the registered agent of the corporation by mail is an easy solution); *In re Millspaugh*, 302 B.R. 90, 102-03 (Bankr. D. Id. 2003) (service on registered agent consistent with Rule 7004(b)(3)); *In re Arthur Machinery, Inc.*, 2010 WL 98696, at *1 (Bankr. N.D. Ill.) (service on registered agent complied with Rule 7004(b)(3)).

Second, the address given by a creditor on a proof of claim can be used for service under Rule 7004(b)(3). *See, e.g., In re Wilkinson*, 457 B.R. 530, 548 (Bankr. W.D. Tex. 2011) (collecting cases for the proposition that the name and address in a proof of claim evidences the appointment of the named person to receive process, thus satisfying Rule 7004(b)(3)); *In re Ms. Interpret*, 222 B.R. 409, 413 (Bankr. S.D.N.Y. 1998) (same); *Karbel*, 220 B.R. at 112 (same).

Third, serving a corporate officer at the corporation's "record" address complies with Rule 7004(b). *See, e.g., In re C.V.H Transport, Inc.*, 254 B.R. 331, 333 (Bankr. M.D. Pa. 2000) (if the defendant has not indicated an address for service of process, then the mail should be directed to the corporation's "proper" address); *In re Elston*, 2006 WL 2798788, at *1 (Bankr. E.D. Cal.) (attempted service on Wells Fargo Financial by mailing process to a post office box in Las Vegas, Nevada was insufficient, while service at the "address of record" would have been sufficient); *In re Rafaelian*, 2013 WL 5923102, at *2 (Bankr. C.D. Cal.) (proper service requires a "procedurally correct address"); *In re Gourlay*, 465 B.R. 124, 132 (6th Cir. BAP 2012) (service on the president at the entity's principal office complied with the Rule, even if the entity decided to have the president work at a different location); *In re Iskric*, 496 B.R. 355, 359 (Bankr. M.D. Pa. 2013) ("A number of bankruptcy courts have held that service upon a corporate defendant in an adversary proceeding is proper where service is mailed to a named officer at the corporation's address"); *In re Saucier*, 366 B.R. 780, 783–84 (Bankr. N.D. Ohio 2007) (same); *In re Lenox Healthcare, Inc.*, 319 B.R. 819, 821 (Bankr. D. Del. 2005) (same); *Pittman Mechanical*, 180 B.R. at 456–57 (same); *In re Schoon*, 153 B.R. 48, 49 (Bankr. N.D. Cal. 1993) (same).

Other addresses may not provide good service. Generally, mailing a motion and notice to a lockbox is insufficient. *See, e.g., In re Reaves*, 396 B.R. 708, 716 (Bankr. W.D. Tenn. 2008) (mailing service to lockbox does not comply with Rule 7004(b)(3)); *In re Whiteside*, 2018 WL 3967712, at *2 (Bankr. D. Kan.) ("simply mailing a summons to a post office box does not suffice"); *In re CFP Liquidating Estate*, 2010 WL 4595700, at *1 (Bankr. D. Del.) (service on lockbox address insufficient); *In re Knowling*, 279 B.R. 607, 611 (Bankr. S.D. Fla. 2002) (mailing to a post office box address used for loan payments insufficient); *see also In re Kleather*, 208 B.R.

406, 411 (Bankr. S.D. Ohio 1997) (service on a parent holding company at a bill-paying address does not satisfy 7004(b)(3)).

Service on a branch office is also risky. *See, e.g., In re FKF 3, LLC*, 489 B.R. 24, 29 (Bankr. S.D.N.Y. 2013), reversed on other grounds, 501 B.R. 491 (S.D.N.Y. 2013) ("[a]lthough Rule 7004(b)(3) does not specify where mail service for a corporation defendant must be sent, the requirement that service by made to the attention of an officer, managing or general agent implies that service must be directed to an address where this individual would receive it"); *In re Legend Industries, Inc.*, 49 B.R. 935, 937 (Bankr. E.D.N.Y. 1985) (whether an individual is a managing or general agent depends on a factual analysis of the individual's authority within the corporation).

Finally, service on an old or incorrect address is inadequate. *See, e.g., In re Carroll*, 400 B.R. 497, 500 (Bankr. N.D.W. Va. 2008) (service insufficient because, inter alia, the process was mailed to the wrong address); *In re Olympia Holding Corp.*, 230 B.R. 623, 628 (Bankr. M.D. Fla. 1999) (service at a stale address insufficient).

G.  Proper Service on OneMain Financial in This Case.

OneMain Financial is a Delaware limited liability company, headquartered in Evansville, Indiana. CT Corporation is OneMain Financial's registered agent for service of process in New Mexico.

Under New Mexico law, if a foreign corporation is served through its registered agent, the serving party must also mail a copy to the corporation. New Mexico Rules of Civil Procedure for the District Courts 4(G)(1)(a). Because of that, Rule 7004(b)(3) requires that a copy must also be mailed "to the defendant." Rule 7004(b)(3).

To comply with Rule 7004(b)(3) and provide due process notice to OneMain Financial, the motion and notice should be mailed to:

OneMain Financial
c/o CT Corporation System
206 S. Coronado Ave.
Espanola, NM 87532 - 2792

with a copy to:

OneMain Financial
Attn: Mr. Douglas Shulman, President
601 N.W. Second Street
Evansville, IN 47708-1013

Service on a local branch office of OneMain Financial might be sufficient, if an officer, managing or general agent works there. The Court could not make that determination without an evidentiary hearing, however. *See, e.g., Legend Industries*, 49 B.R. at 937. No such inquiry would be necessary if service is made on OneMain Financial's registered agent in New Mexico. Similarly, if service is made on an officer or agent at OneMain Financial's headquarters address, service would be proper and the burden would shift to OneMain Financial to get the motion and notice in the hands of the proper corporate representative.

## Conclusion

Debtor's motion to redeem is denied without prejudice. Debtor may re-serve the motion, together with a proper form of notice,[8] in the manner and using the addresses set forth above, and then file the notice with a completed certificate of service. Upon proper service, the Court would set a hearing on the motion if OneMain files a timely response. Otherwise, the Court would enter an order granting the motion after the objection deadline.

---

[8] If Debtor is unsure about a proper form of notice, she may obtain a form from the Bankruptcy Court Clerk's office.

_____

Hon. David T. Thuma
United States Bankruptcy Judge

Entered: June 16, 2022

Copies to:  Brenda Ruth Simpson
P.O. Box 223
Los Lunas, NM 87031

Brenda Ruth Simpson
991 Hillside Circle Southwest
Los Lunas, NM, 87031

OneMain Financial Group
Attn: Mr. Douglas Shulman, President
601 N.W. Second Street
Evansville, IN 47708-1013